38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harold Dean HORNSBY, Petitioner,
v.
Dan M. REYNOLDS, Warden, and Attorney General of the State
of Oklahoma, Respondents.
 No. 93-5281.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Petitioner Hornsby appeals the dismissal of his Petition for Writ of Habeas Corpus for failure to exhaust state remedies. For the reasons explained below, we AFFIRM.
 
 
 3
 Petitioner Hornsby was convicted of robbery by fear and robbery with a firearm under Oklahoma's habitual offender statute. The trial judge sentenced Hornsby to consecutive 15-year and 25-year terms and imposed a $5,000 fine. Hornsby appealed his conviction to the Oklahoma Court of Criminal Appeals, filing a Notice of Intent to Appeal on January 22, 1993 and a Petition in Error on July 21, 1993. Final briefs were submitted to the Oklahoma Court of Criminal Appeals on December 7, 1993. Hornsby's direct appeal is still pending before the Oklahoma courts.
 
 
 4
 During the pendency of his direct state appeal, Hornsby filed a Petition for Writ of Habeas Corpus in federal district court on April 30, 1993.[2] The district court dismissed the petition, finding that Hornsby had failed to exhaust his state remedies because of his pending appeal before the Oklahoma Court of Criminal Appeals.[3] Hornsby now appeals the dismissal of his federal petition, arguing that he has exhausted all available state remedies or that he should be excused from the exhaustion requirement.
 
 
 5
 As the district court explained in dismissing Hornsby's petition, a prisoner must exhaust all available state remedies before he or she can pursue collateral relief in federal court. See 28 U.S.C. 2254(b); Rose v. Lundy, 455 U.S. 509, 522 (1982). Hornsby has not exhausted all available state remedies because his direct appeal to the Oklahoma Court of Appeals is still pending.
 
 
 6
 The requirement of exhaustion of state remedies can be excused, however, where there is excessive and inexcusable delay in a state appeal process. Harris v. Champion, 938 F.2d 1062, 1064-65 (10th Cir.1991). In Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir.1994) (Harris II ), we further defined excessive and inexcusable delay and established a presumption that exhaustion is excused where there is a delay of greater than two years from the filing of the notice of appeal to final adjudication of a direct criminal appeal. Only three months elapsed from the filing of Hornsby's notice of appeal until his initial habeas petition.[4] Two years have still not elapsed since Hornsby's filing of an intent to appeal.
 
 
 7
 In Harris II, we recognized that particular circumstances can vary the two-year presumption, either excusing exhaustion for periods of less than two years or requiring exhaustion for periods of greater than two years. Id. However, Hornsby has alleged no particular circumstances to vary the presumptive two-year rule in his case. In fact, final briefs were filed in his direct appeal on December 7, 1993, and the appeal seems to be progressing. Accordingly, we find that exhaustion is not excused and that Hornsby's Petition for Writ of Habeas Corpus was properly dismissed. Because we affirm the dismissal of Hornsby's habeas petition for lack of exhaustion, we do not reach the merits of his substantive claims.[5]
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Hornsby previously filed a Petition for Writ of Habeas Corpus with the Oklahoma state trial court prior to the completion of his trial. Before the trial court ruled on his petition, Hornsby filed another Petition for Writ of Habeas Corpus with the Oklahoma Court of Criminal Appeals. That court dismissed the petition and instructed Hornsby that the proper filing to seek an order directing the lower court to rule on a habeas petition would be a Petition for Writ of Mandamus. Hornsby subsequently filed a mandamus petition. The Oklahoma Court of Criminal Appeals denied the petition, finding that the district court had ruled on all outstanding motions and completed Hornsby's trial
 
 
 [3]
 The district court granted Hornsby's application to proceed in forma pauperis pursuant to 28 U.S.C.1915(a) (1988) and issued a certificate of probable cause pursuant to 28 U.S.C. 2241 & 2254 (1988)
 
 
 [4]
 Hornsby filed his initial habeas petition in United States District Court for the Western District of Oklahoma on April 30, 1993. The case was subsequently transferred to the Northern District of Oklahoma
 
 
 [5]
 Petitioner Hornsby raises several claims on appeal. First, he argues that he was denied his right to discovery and an evidentiary hearing by the federal district court that dismissed his habeas petition. Second, he maintains that the state filed certain records improperly and failed to produce other required documents. Third, he argues that the Oklahoma trial court that tried and sentenced Hornsby lacked jurisdiction because of the pending mandamus petition that Hornsby had filed with the Oklahoma Court of Criminal Appeals